UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY K. ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08CV238 JCH |
| ) | (TIA) |
| MICHAEL ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Reverse and Remand. The case was referred to the undersigned pursuant to 28 U.S.C. § 636(b). The suit involves an application for Supplemental Security Income under Title XVI of the Social Security Act.

## Procedural History

On April 7, 2004, Plaintiff filed an application for Supplemental Security Income. (Tr. 79-81) The application was denied (Tr. 41-45), and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 54) After the hearing on December 27, 2005, the ALJ denied Plaintiff's claim for Supplemental Security Income on January 5, 2006. (Tr. 28-36) On June 16, 2006, the Appeals Council remanded the case to the ALJ for further evaluation of Plaintiff's mental and physical impairments and for vocational expert testimony. (Tr. 37-40) Pursuant to the order of remand, Plaintiff appeared at a hearing before the same ALJ on March 1, 2007. The ALJ issued a decision finding that Plaintiff was not disabled and not eligible for supplemental security income on April 5, 2007. (Tr. 9-20) Plaintiff then filed a Request for Review, which the Appeals Council denied on January 25, 2008. (Tr. 5-8) Thus, the ALJ's decision is the final decision of the Commissioner.

**<u>Discussion</u>**

On February 15, 2008, Plaintiff filed this civil action for judicial review of the Commissioner's final decision, and the Commissioner filed his Answer on May 8, 2008. On May 30, 2008, Plaintiff filed his Brief in Support of Plaintiff's Complaint, asserting that the ALJ failed to obtain vocational expert testimony; failed to properly consider opinion evidence; and failed to properly consider credibility. On July 28, 2008, Defendant filed a Motion to Reverse and Remand pursuant to sentence four of 42 U.S.C. § 405(g).

In the Motion, Defendant asserts that the Appeals Council determined that remand was appropriate because a full transcript of the hearing was not available and because the ALJ should further consider Plaintiff's claim. In addition, Defendant avers that upon receipt of the court's remand order the Appeals Council will remand the case to the ALJ with directions to fully develop the evidence of Plaintiff's mental impairment to determine whether the impairment is severe. The ALJ will also be directed to obtain vocational expert testimony, if warranted.

Two sentences in 42 U.S.C. § 405(g) govern remands. <u>Shalala v. Schaefer</u>, 509 U.S. 292, 296 (1993); <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 96 (1991). Defendant requests a remand under sentence four, which states that upon review of Social Security determinations, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with our without remanding the cause for a rehearing." Sentence four requires substantive ruling on the correctness of the administrative decision. <u>Melkonyan</u>, 501 U.S. at 98; <u>Buckner v. Apfel</u>, 213 F.3d 1006, 1010 (8th Cir. 2000). Further, case law suggests that a district court should conduct a plenary review of the entire record before entering a judgment affirming, modifying, or reversing the Commissioner's decision with or

without a remand order. See Schaefer, 509 U.S. at 297; Buckner, 213 F.3d at 1010.[1]

The undersigned has reviewed the record in light of Defendant's assertions in his motion to remand. Because the Appeals Council has agreed that remand is warranted, little discussion is necessary. However, it is worth noting that the ALJ relied on the Medical-Vocational Guidelines ("GRIDS") to find that Plaintiff could perform the full range of medium work. (Tr. 18) The ALJ rejected Plaintiff's contention that he had a severe mental impairment which limited his ability to perform the full range of medium work and required the ALJ to consult a vocational expert. (Tr. 18-19) The record is replete, however, with medical reports regarding diagnoses of depression and antisocial personality disorder, which the ALJ should have developed. (Tr. 186, 196-200, 211, 217-220, 254-258)

In light of the errors committed by the ALJ, the case should be reversed and remanded for further proceedings. On remand, the ALJ should fully develop the medical evidence regarding Plaintiff's mental impairment to determine whether that impairment is severe. The ALJ should also obtain the testimony of a vocational expert, if warranted. Because Defendant agrees that the case should be remanded, and Plaintiff has raised no objection, Defendant's motion for reversal and remand under sentence four should be granted.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Remand [Doc. #9] be **GRANTED** and this cause be reversed and remanded to the Commissioner pursuant to sentence four

---

[1] The undersigned agrees that sentence four's phrase "upon the pleadings and transcript of the record" supports the interpretation that plenary review is necessary before remand. However, the statute does not explicitly mandate such in depth evaluation. In the instant case, such review would serve no useful purpose, as the Commissioner has moved for a sentence four remand based upon infirmities in the ALJ's decision, and the Plaintiff has voiced no objection to such motion.

of 42 U.S.C. § 405(g).

The parties are advised that they have eleven days in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal the questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

/s/ Terry I. Adelman  
UNITED STATES MAGISTRATE JUDGE

Dated this  6th  day of November, 2008.